IN THE DISTRICT COURT OF GUAM

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

BONNIE JO C. QUICHOCHO and
JUNG HOON SONG,

          Defendants.

CRIMINAL CASE NO. 24-00005

**ORDER**
Denying Motion to Continue Trial
(ECF No. 17)

Trial herein is scheduled to commence on August 8, 2024. *See* Am. Trial Scheduling Order, ECF No. 16.

On May 31, 2024, the United States filed a Motion to Continue Trial ("Motion to Continue"), requesting that the trial be continued to sometime after August 22, 2024. *See* Mot. Continue at 1, ECF No. 17. Government counsel proffered two reasons for the requested continuance. First, counsel asserted that he would be "off-island from June 27, 2024, through July 16, 2024[,] on previously scheduled leave." *Id.* Second, counsel claimed that because Defendant Song filed a Notice Pursuant to Fed. R. Crim. P. 12.2(b) of Intent to Offer Expert Testimony as to Mental Disease or Defect,[1] this "may require further inquiries into said Notice." *Id.* The United States argued "that the continuity of counsel, assessment of Defendant's Song's mental state, and the ends of justice are best served by the proposed continuance and outweighs the best interest of the public and the

---

[1] Hereinafter referred to as the "Notice," which consists of one-page of four lines of text. *See* ECF No. 14. The Notice stated that Defendant Song "intends to introduce expert evidence relating to a mental disease or defect, specifically post-traumatic stress disorder, bearing on the issue of his guilt of the charges in the Indictment, including the affirmative defense of diminished capacity."

Defendants in a speedy trial." *Id.* at 1-2.

The Speedy Trial Act (the "Act") requires that trial must commence within seventy days from the date the indictment is filed, or from the date a defendant has appeared in the court in which the charge is pending, whichever is later. 18 U.S.C. § 3161(c)(1). The Act also excludes certain pretrial delays from this seventy-day period. Among such exclusions are "[a]ny period of delay resulting from a continuance granted by any judge . . . at the request of the attorney for the Government, if the judge . . . find[s] that the ends of justice served by [granting such continuance] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The Act sets forth various factors for a judge to consider in determining whether to grant an "ends of justice" continuance. *See* 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). Among such factors is "[w]hether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex . . ., would unreasonably deny . . . the Government continuity of counsel, or would deny counsel . . . for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

The scant information provided in the Motion to Continue is insufficient for this court to make the required independent findings that the ends of justice would be served by a continuance since counsel for the Government will away from Guam for approximately three weeks prior to the start of trial. As instructed by the Ninth Circuit, whether the interest in continuity of government counsel outweighs the interest of the public in a speedy trial is dependent on a number of factors, including "(1) the size of the prosecutor's office, (2) whether there is another qualified prosecutor available, (3) how much special knowledge the first prosecutor has developed about the case, (4) how difficult the case is, and (5) how different it is from other cases generally handled by the particular United States Attorney's office." *United States v. Lloyd*, 125 F.3d 1263, 1271 (9th Cir. 1997). Here, the Motion to Continue does not address any of these factors. This case does not appear so unusual or so complex that another attorney in the U.S. Attorney's Office could not prepare the case for trial as scheduled.

As noted by the Government, on April 11, 2024, Defendant Song gave notice of his intent to introduce expert evidence relating to a mental disease or defect – more specifically post-traumatic

stress disorder – bearing on the issue of guilt, including a diminished capacity affirmative defense. *See* ECF No. 14. While the United States claims that the filing of said Notice "may require further inquiries," Mot. Continue at 1, ECF No. 17, in the more than two months since the filing of the Notice, government counsel has not filed any motion to have Defendant Song examined pursuant to Fed. R. Crim. P. 12.2(c)(1). Without such a motion, there is nothing tolling the clock under the Act.

Because the Defendant has not presented the court with a sufficient basis to continue the trial and exclude time under the Speedy Trial Act, the court finds the ends of justice will not be served by granting the continuance, nor would such a continuance outweigh the public's right to a speedy trial. Accordingly, the court hereby denies without prejudice the Motion to Continue.

IT IS SO ORDERED.



**/s/ Michael J. Bordallo**
**U.S. Magistrate Judge**
**Dated: Jun 26, 2024**